IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MATTHEW SELVIG, Individually and as Personal Representative of The Estate of A.S., Deceased; ALEISA SELVIG, Individually and as Conservator of T.S., and SUSAN SELVIG,<br><br>    Plaintiffs,<br> v.<br><br>FCA US LLC, a Delaware Limited Liability Company, and JOHN DOES I-V,<br><br>    Defendant. | Cause No. CV 23-87-H-BMM-JTJ<br><br>**PROTECTIVE ORDER** |

Pursuant to the Parties' Stipulated Motion for Protective Order, and for good cause appearing;

IT IS ORDERED that the Stipulation Motion for Protective Order as to the Parties is hereby granted as follows:

1. This Protective Order shall control the disclosure and dissemination of documents and information. Any party to this case or any producing non-party, shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that:

   a) contains trade secrets, competitively sensitive, research, development, proprietary, technical, marketing, financial, sales or other confidential business information;

1

    b) contains private or confidential personal information;

    c) contains information received in confidence from third parties; or

    d) any portion of a party's response or producing non-party's response that contains trade secret or other confidential, research, development or commercial information, or information otherwise considered confidential under applicable law by marking the material, in a manner that will not interfere with its legibility.

2. The material will be marked "CONFIDENTIAL - Pursuant to Protective Order."

3. In any deposition, if the deponent's testimony is deemed confidential, a party will notify opposing counsel in writing of the page and line numbers of the testimony deemed confidential within 30 days of receiving the deposition transcript. Any testimony read from or directly referencing confidential documents is automatically deemed to be confidential, including any confidential documents that are used as deposition exhibits.

4. Any confidential information that a party or producing non-party provides to another party may be disclosed only to that party and/or immediate employees of that party's trial counsel's law firm, and other individuals legitimately assisting in the preparation of this case for trial such as a party's co-counsel, consultants, and experts.

5. Any recipient of confidential information shall not disclose the confidential information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such confidential information for purposes other than preparation of this action for trial. Any recipient of confidential information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of confidential information in order to ensure that its

confidential nature is maintained.

6. Any recipient of confidential information, by accepting its receipt, agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the confidential information and/or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order.

7. Any recipient of confidential information, prior to its receipt, shall be furnished with a copy of this Protective Order, and shall execute the acknowledgment letter attached as Exhibit A, certifying that the recipient will not disclose confidential information to any person to whom disclosure is not authorized by the terms of this Protective Order, that the recipient will not use any confidential information in any way whatsoever other than for purposes of this action, and that the recipient has read this Protective Order and agrees to be bound by its terms. The original of each acknowledgement letter shall be maintained by counsel for that party and furnished to counsel for the producing party upon the conclusion of this litigation.

8. There shall be no reproduction or copying of confidential information except for those people authorized to receive information pursuant to this Protective Order after execution of the acknowledgement letter.

9. Any confidential information required to be filed with the Court shall be marked "Confidential" and filed under seal in accordance with the procedures set forth in Local Rule 5.6.

10. Information designated as "Confidential" may be referred to by a party in notices, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is

appropriately marked and protected from dissemination and, where filing is necessary, separately filed under seal with the Court in accordance with the procedures set forth in L.R. 5.6.

11. If any party intends to use any information designated as "Confidential" in, or as an exhibit to, any motion, brief, or other pleading filed with the Court and does not believe the information should maintain its "Confidential" designation, the party shall provide notice to all counsel of record at least ten calendar days prior to filing the motion, brief, or other pleading, during which period any party may seek to preserve the confidentiality of the information by requesting judicial review as to whether the document(s) or material should retain the confidentiality designation. Any such items shall continue to be treated as confidential and subject to this Protective Order until such time as this Court rules that the items are not entitled to confidential treatment.

12. If, at the time of trial, a party intends to introduce into evidence any information designated as Confidential, that party shall give timely notice of such intention to the Court and all counsel of record. Counsel for the producing party may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information and shall have the burden of proving that confidentiality.

13. After the conclusion of this action, this Protective Order shall continue to apply to all confidential information provided by a party or producing non-party that has not deemed non-confidential by the Court, and the Court shall retain jurisdiction over all recipients of such confidential information for purposes of enforcing the provisions of this Protective Order.

14. At the conclusion of this case, all documents and copies of documents

designated as Confidential shall be destroyed or returned to the producing party or producing non-party. This paragraph shall require the destruction or return of the original materials produced, together with all photocopies, duplicates, abstracts, or reproductions of such materials.

15. The terms of this Protective Order do not preclude FCA US from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, *et seq*.

16. In the event that a party disagrees with the producing party's designation of any item as Confidential and subject to this Protective Order, the party shall send a written notice to the producing party specifying the items in question. In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the party opposing continued confidentiality shall proceed to file a motion with this Court seeking a determination whether the items are properly subject to this Protective Order. Any such items shall continue to be treated as confidential and subject to this Protective Order until such time as this Court rules that the items are not entitled to confidential treatment.

17. Neither Plaintiffs nor Defendant or their respective counsel, experts, or other persons retained by them to assist in the preparation of this action shall under any circumstances, sell, offer for sale, advertise, or publicize the contents of confidential information.

18. Counsel for Plaintiffs may share Confidential Information produced by FCA US LLC ("FCA US") with attorneys representing Plaintiffs in pending litigation against FCA US in which the Plaintiffs' allegations

involve rear-end collision systems, forward collision warning systems, adaptive cruise control, and automatic emergency braking installed in the 2017 Ram Pickup (the Plaintiffs in such litigation referred to as "Collateral Litigant(s)," and "Collateral Litigation"), provided:

a) The Collateral Litigant and the Collateral Litigant's counsel, prior to receipt of the Confidential Information, shall be furnished with a copy of this Protective Order, and shall execute **Exhibit A**, with an executed electronic copy transmitted to the producing party.

b) Plaintiffs shall provide counsel for the producing party, at least 30 days prior to sharing any Confidential Information with the Collateral Litigant or the Collateral Litigant's counsel, with written notice that includes the Collateral Litigant's jurisdiction, case name and case number, Plaintiffs' reason(s) for intending to share with this Collateral Litigant, and certifying that the Collateral Litigation fits the definition as stated in the bolded definition in this paragraph.

c) If, within 30 days of Plaintiffs' written notice, the producing party objects to Plaintiffs sharing Confidential Information with the proffered Collateral Litigant or Collateral Litigant's counsel as violating this Protective Order, including but not limited to its inconsistency with the definition of Collateral Litigation (in bold) above, Plaintiffs shall **not** share any Confidential Information with the Collateral Litigant, or the Collateral Litigant's counsel, until the objection is resolved.

d) Within 10 days of the execution of each acknowledgment letter, a copy of the executed acknowledgment letter shall be emailed to undersigned counsel for the producing party, i.e., FCA US and shall clearly identify the Collateral Litigation matter(s) in which the signor is or will be working.

    e) If the executed acknowledgement letter is not timely furnished according to Paragraph 5(d), at the request of the producing party, i.e., FCA US, the recipient shall be required to return or destroy **all** Confidential Information immediately. If the recipient fails to comply immediately with this request, the Collateral Litigant shall not be permitted to share with any additional persons, and upon motion, the violating recipient and/or Collateral Litigant may be subject to Court sanction.

    f) Each Collateral Litigant (including the Collateral Litigant's counsel) shall return to counsel for the producing party, i.e., to FCA US, or destroy, any Confidential Information upon entry of final judgment or resolution in the Collateral Litigation. If the Confidential Information are destroyed, counsel for the Collateral Litigant shall send written certification to FCA US counsel, confirming this within 60 days of entry of final judgment or resolution of the Collateral Litigation.

    g) The limited sharing of Confidential Information as described in the entirety of Paragraph 17 allows limited sharing **by Plaintiffs in this action only**. No Collateral Litigant or Collateral Litigant's counsel receiving Confidential Information under this Order may share any Confidential Information with anyone aside from the Collateral Litigant and the Collateral Litigant's own counsel's legal staff to assist in the preparation of the Collateral Litigation, each of whom shall execute **Exhibit A**.

It is understood that the sharing provision of this Protective Order (Paragraph 17 and its subparts) applies **only to Confidential Information produced by FCA US**, and that Confidential Information produced by a non-party under this Protective Order shall not be disclosed except as described in Paragraph 4.

DATED this 6th day of August, 2024.

_____
John Johnston
United States Magistrate Judge